IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAREASALE.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| ESSOCIATE, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF PATENT NON-INFRINGEMENT AND PATENT INVALIDITY**

Plaintiff ShareASale.com, Inc. ("ShareASale"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendant Essociate, Inc. ("Essociate"), alleges as follows:

**Nature of the Action**

1. ShareASale brings this action for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 100 *et. seq.* This action relates to Essociate's allegation that ShareASale infringes one or more claims of U.S. Patent No. 6,804,660 (the "'660 Patent"). A true and accurate copy of the '660 Patent is attached hereto as ***Exhibit A.***

**Parties**

2. ShareASale is an Illinois corporation having its principal place of business at 15 W. Hubbard, Suite 200, Chicago, Illinois 60654.

3. Upon information and belief, Essociate is a Delaware corporation having its principal place of business at 4630 Geary Boulevard, Suite 101, San Francisco, California 94118.

3164531.2

4. Upon information and belief, Essociate transacts business in Illinois, or offers to transact business in Illinois, with Illinois companies through the operation of its website and electronic services.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Essociate by virtue of 735 ILCS § 5/2-209 because Essociate has transacted business with residents of the State of Illinois, including advertising and soliciting Illinois companies and consumers within this state and judicial district with partnership and sponsorship opportunities with Essociate directly and/or indirectly through an interactive, electronic commerce website in this State and Judicial District.

7. The exercise of personal jurisdiction over Essociate by this Court does not violate Essociate's due process rights as it has sufficient minimum contacts with the State of Illinois, it having purposely availed itself of the privilege of conducting business in this state, and it should have reasonably anticipated being sued in this State.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

**Allegations of Patent Infringement**

9. ShareASale is an internet-based, electronic marketing company.

10. Upon information and belief, Essociate is an internet-based electronic marketing company.

11. On or about March 23, 2010, Essociate filed a complaint in the Central District of California against seven separate defendants, including ShareASale, alleging that those defendants infringe the '660 Patent ("California Action").

12. The California Action remains active, but as of the time of filing this action, Essociate has not served ShareASale. A copy of the docket sheet from the California Action is attached as *Exhibit B.*

13. In the California Action, Essociate alleges it is the owner of the '660 Patent, entitled "System and Method and Article of Manufacture for Internet Based Affiliate Pooling," issued October 12, 2004.

14. In the California Action, Essociate alleges it is the owner of the entire right, title and interest in the '660 Patent and, alleges it has standing to sue for all past, present, and future infringement of the '660 patent.

15. In the California Action, Essociate alleges ShareASale has provided to customers products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '660 Patent.

16. In the California Action, Essociate alleges ShareASale has been and is directly infringing the '660 Patent under 35 U.S.C. § 271(a) by making, using, modifying, upgrading, performing quality control, and providing support for its affiliate software and/or other products and services provided by means of that software and/or other products.

17. In the California Action, Essociate seeks relief against ShareASale including an award of monetary damages, permanent injunction, attorneys' fees, and increased damages.

18. Essociate timely served Defendants Blue Whaler Investments, LLC, Direct Roi, LLC, Blue Phoenix Media, Inc., and Flexoffers.com, Inc. in the California Action.

19. Since the filing of the California Action, and notwithstanding that in excess of three months has passed since the initiation of that action, Essociate has not served ShareASale with a copy of the Summons and Complaint.

20. While Essociate has intentionally delayed in serving ShareASale in the California Action, some defendants in the California Action have answered and defendant Direct ROI, LLC has been granted leave to file a thirty party complaint against Digital River, Inc. and ROES 1-10. *See* **Ex. B** at Dkts. No. 21, 22, 32, 35 and 36.

21. If Essociate continues to delay with the enforcement of its alleged claims against ShareASale, the California Action will eligible to be dismissed against ShareASale on or about July 21, 2010 for Essociate's failure to achieve service pursuant to Fed. R. Civ. P. 4(m).

**Count I – Declaratory Judgment**
**Non-infringement of '660 Patent**

22. ShareASale incorporates by reference paragraphs 1-21 of this Complaint as if set forth in full herein.

23. This is a claim for a declaratory judgment that the '660 Patent is not infringed by ShareASale, either directly or as an inducing or contributory infringer.

24. Through the California Action, Essociate alleges that ShareASale's products and methods infringed and continue to infringe one or more claims of the '660 Patent.

25. Upon information and belief, Essociate has no intention of timely proceeding in the California Action against ShareASale, as evidenced by its failure to serve ShareASale.

26. Notwithstanding Essociate's failure to achieve service on ShareASale in the California Action, there is nevertheless a real, actual, and justiciable controversy between the parties regarding the non-infringement of the '660 Patent by ShareASale.

4

27. ShareASale therefore has a reasonable apprehension that Essociate has and will continue to assert that ShareASale infringes the '660 Patent.

28. ShareASale is entitled to a declaratory judgment that will finally resolve this issue.

29. ShareASale's products, services, and methods do not infringe any valid or enforceable claim of the '660 Patent.

30. ShareASale has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '660 Patent.

### Count II – Declaratory Judgment
### Invalidity of '660 Patent

31. ShareASale hereby incorporates by reference paragraphs 1-21 of this Complaint as if set forth in full herein.

32. This is a claim for declaratory judgment of invalidity of the '660 Patent.

33. Through the California Action, Essociate alleges that the '660 Patent is a valid and enforceable patent.

34. Upon information and belief, Essociate has no intention of timely proceeding in the California Action against ShareASale, as evidenced by its failure to serve ShareASale.

35. Notwithstanding Essociate's failure to achieve service on ShareASale in the California Action, there is nevertheless a real, actual, and justiciable controversy between the parties regarding the validity of the '660 Patent.

36. ShareASale therefore has a reasonable apprehension that Essociate has and will continue to assert that the '660 Patent is valid and enforceable.

37. ShareASale is entitled to a declaratory judgment that will finally resolve this issue.

38. Each of the claims of the '660 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

39. The claims of the '660 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '660 Patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '660 Patent.

### PRAYER FOR RELIEF

WHEREFORE, ShareASale.com, Inc. prays for judgment against Essociate, Inc. as follows:

a. For judgment in ShareASale.com, Inc.'s favor and against Defendant Essociate, Inc. on Counts I and II of the Complaint;

b. For a judicial determination and declaration that ShareASale.com, Inc. has not infringed, contributed to the infringement of, or induced the infringement of any valid, enforceable claim of U.S. Patent No. 6,804,660;

c. For a judicial determination and declaration that U.S. Patent No. 6,804,660 is invalid and/or unenforceable, in whole or in part;

d. For ShareASale.com, Inc.'s attorneys' fees and the costs of this action; and

e. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

ShareASale.com, Inc. hereby demands a jury trial on all issues so triable.

Respectfully submitted,

POLSINELLI SHUGHART PC


By: /s/ John A. Leja
    JOHN A. LEJA (IL # 6256269)
    161 N. Clark Street, Suite 4200
    Chicago, IL 60601
    Tel. No. (312) 819-1900
    Fax No. (312) 819-1910
    jleja@polsinelli.com

    OF COUNSEL:
    John M. Challis (IL # 6284728)
    100 South Fourth Street, Suite 1000
    St. Louis, MO 63102
    Tel. No. (314) 889-8000
    Fax No. (314) 231-1776
    jchallis@polsinelli.com

ATTORNEYS FOR PLAINTIFF
SHAREASALE.COM, INC.